## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**WENDY RABORN**                                                                                              **PLAINTIFF**

v.                                              Case No. 4:23-CV-01118 DPM

**ALLSTATE PROPERTY AND**
**CASUALTY INSURANCE COMPANY**                                                          **DEFENDANT**

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(B)

Comes defendant, Allstate Property and Casualty Insurance Company, and for its response to plaintiff's motion to dismiss pursuant to Federal rules of Civil Procedure 41(b) state:

1.   The defendant respectfully requests this court to deny plaintiff's motion to dismiss pursuant to Federal Rules of Civil Procedure 41. Or, in the alternative, impose a condition of the dismissal be that both parties are prohibited from disclosing any experts not previously disclosed in compliance with the Court's Scheduling Order in this matter.

2.   As a threshold matter, plaintiff makes a motion to dismiss under Federal Rule of Civil procedure 41(b), which addresses involuntary dismissal. Plaintiff likely seeks dismissal under Federal Rule of Civil Procedure 41(a), and this response will assume that for purposes of argument.

3. A voluntary dismissal is not one of right but is rather a matter for the discretion of the trial court. *Great Rivers Co-Cop of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 658, 689 *(*8th Cir. 1999).

4. It is within the district court's sound discretion to decide whether a voluntary dismissal should be granted. *Beavers v. Bretherick*, 227 F. App'x 518, 520 (8th Cir. 2007).

5. In determining whether a dismissal is warranted the court has considered the following factors: The defendant's effort and the expense involved in preparing for trial; excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action and the insufficient explanation of the need to take a dismissal. *Hicks v. Norwood*, 2023 U.S. Dist. LEXIS 107412, at 8-9 (W.D. Ark. June 21, 2023) (citing *Paulucci v. City of Duluth*, 826 F.2d. 780,783 (8th Cir. 1987)). In addition, the Courts have also considered, and denied, plaintiff's motions for voluntary dismissal when there is "insufficient explanation of the need to take a dismissal." *Id.*

6. Here, since the inception of this case, defendant has diligently prosecuted this matter at every turn to prepare it for trial. Defendant has expended significant time, effort, and expense to comply with the Court's Scheduling Order and prepare it for trial. Defendant has requested, at its expense, medical records from plaintiff's providers, incurred significant expenses to retain and disclose its expert witness, Dr. Owen Kelly, orthopedic surgeon, Dr. Kelly's expert report was timely filed with this Court pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order. Further, the defendant filed a notice of deposition of the plaintiff, including the hiring of court reporter scheduled for February 24, 2025, and has expended significant time and effort preparing for that deposition.

7.     Plaintiff provides no rationale, reasoning, or explanation regarding why this matter should be dismissed without prejudice at this late juncture. Defendant has followed the applicable Scheduling Order, exerting effort and expense, and is ready for this case to proceed to trial. Accordingly, plaintiff's motion should be denied.

8.     In the alternative, if the Court is inclined to grant plaintiff's motion for dismissal, then it should include certain terms and conditions that would govern in the event that plaintiff relies her claims in a second lawsuit. Specifically, defendant requests that the expert disclosure deadlines, which have already passed, remain in effect for any refiled case. In other words, a dismissal by this Court without prejudice should include language that both parties are prohibited from disclosing any experts not previously disclosed in compliance with the Court's Scheduling Order in this matter.

WHEREFORE, defendant, Allstate Property and Casualty Insurance Company, respectfully requests this Court to deny plaintiff's Motion to Dismiss without prejudice, or in the alternative impose conditions and terms on any dismissal, and for all other proper relief.

Respectfully submitted,

BRANDON T. COLE;  BAR NO. 2014135
DILLON M. CORDEL; BAR NO. 2024123
**ANDERSON, MURPHY & HOPKINS, L.L.P.**
101 River Bluff, Suite A,
Little Rock, Arkansas 72202
Telephone:   501-372-1887
Facsimile:    501-372-17706
Email:          cole@amhfirm.com
                    cordel@amhfirm.com